# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD L. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-106 HEA |
| | ) | |
| DUNKLIN COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 521309), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75. Accordingly, the Court will assess an initial partial filing fee of $1.75.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's Prior Actions in This Court Relating to Dunklin County**

Prior to reviewing plaintiff's allegations, the Court takes judicial notice that this is the third action plaintiff has brought in this Court relating to allegations occurring in Dunklin County in the relevant time period.

In *Sutton v. Dunklin County Jail*, No. 1:18-CV-63 CDP (E.D.Mo.), filed on March 21, 2018, plaintiff brought an action pursuant to 42 U.S.C. § 1983 against defendants Dunklin County Jail, Allen Edwards, Marishia Wheeler, Bob Holder and Pam Buchanan.[1] The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 on September 10, 2018, and dismissed plaintiff's claims against Dunklin County Jail. Plaintiff's claimed that he was subjected to excessive force by defendants Edwards and Wheeler at the Jail. He alleged that on or about November 8, 2015, defendant Edwards pushed and shoved him and deployed a taser against him, whereupon he injured his back. Plaintiff asserted that on October 1, 2016, defendant Wheeler handcuffed him and pushed him and shoved him while he was handcuffed to the desk. He further

---

[1] These defendants were identified by plaintiff in his amended pleading, filed on July 11, 2018.

alleged that Sheriff Holder and Deputy Buchanan failed to provide him medical care for his injured back after the September 2018 incident and that Buchanan failed to intervene in the incident. The Court issued process on plaintiff's individual capacity claims against defendants Wheeler, Edwards, Holder and Buchanan. However, plaintiff's official capacity claims were dismissed against the individual defendants. *Id.* There are currently several motions for summary judgment pending in this action.

In *Sutton v. State of Missouri*, No. 1:18-CV-41 NCC (E.D.Mo), filed on February 20, 2018, plaintiff brought an action pursuant to 42 U.S.C. § 1983 against defendants the State of Missouri, Jonce Chidister (Prosecutor) and Jeffrey McCormick (Prosecutor). He asserted that the defendant prosecutors brought false cases of forgery against him in state court in order to have him revoked and incarcerated. He also claimed that the State of Missouri was liable to him for false imprisonment, harassment and cruel and unusual punishment. Plaintiff's claims were subjected to 28 U.S.C. § 1915 review on June 8, 2018. The action was dismissed for failure to state a claim on that date. *Id.* Plaintiff was denied a post-dismissal request to amend on July 6, 2018.

**The Complaint**

At the time the events in the complaint allegedly occurred, plaintiff was incarcerated at the Dunklin County Jail in Kennett, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names the following defendants in his complaint: Dunklin County; Bob Holder (Sheriff); Nicole Green (Jail Administrator); Christina Nelson (Correctional Officer); Jimmy Smith (Correctional Officer); Brandon Perkins (Sheriff's Deputy); and the Dunklin County Jail. Defendants are sued in both their individual and official capacities.

Plaintiff states generally and in a conclusory manner over the course of his twenty-six (26) pages of his complaint and his thirty-one (31) pages of supporting documents that defendants acted

in an unlawful custom throughout his incarceration at the Dunklin County Jail. He states generally that Dunklin County should be held liable, under a theory of "Monell," or municipal liability, for the actions of defendants. He asserts that: (1) unnamed prosecuting attorneys and judges (previously sued) in Dunklin County acted with "evil intent" during his state criminal prosecutions/revocation; (2) the named defendants had a custom/policy racism in denying his grievances relating to their purported unlawful behavior and are racists in that there are "lots of lawsuits against black people in Dunklin County"; (3) defendants were generally, or customarily, negligent in their duties; (4) defendants failed to properly train and properly supervise the Dunklin County Jail employees when they used poor language regarding plaintiff; (5) defendants "falsely imprisoned" him by holding him on charges he believed to be false and pushing his criminal court dates off for months at a time; and (6) defendants violated his right to due process by having a custom of throwing away grievances he filed.

On December 9, 2015, plaintiff states that he was released from the Dunklin County Jail. He was re-incarcerated at the Dunklin County Jail on August 10, 2016.

It appears that despite not naming them in the complaint, plaintiff is once again asserting claims against Dunklin County Prosecutors, Jeffrey McCormick and Jonce Chidister. He claims generally Dunklin County has "municipal liability" as a result of purported wrongdoing of Chidister and McCormick because they brought "false forgery" charges against plaintiff in order to have his probation revoked and have him incarcerated in the Dunklin County Jail. Plaintiff also mentions that Judges who prosecuted his cases in 2015 and 2016, noting that he believes they should be held liable under a *Monell* theory for what he believes to be a "false forgery charge" resulting in his revocation.

5

Plaintiff asserts that Sheriff Bob Holder should be liable under a failure to train theory and "supervisory standards" because he asserts that "black inmates" have widespread abuse. Plaintiff has not provided factual allegations regarding this alleged abuse, stating instead that he believes the Dunklin County Jail employees to be "racist."

Plaintiff alleges that he wrote grievances several times relating to Jail employee Christina Nelson. He states, in a conclusory manner, that she acted in a racist manner, and he alleges that Nicole Green and Jimmy Smith were also racist.

Plaintiff seeks more than $588 million in compensatory damages, as well as $56 million in punitive damages in this action.

**Discussion**

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

Plaintiff's claims in this lawsuit all sound in municipal liability, or "Monell" liability[2], and they are duplicative of causes of action that plaintiff has previously brought before this Court. Therefore, the Court will dismiss this case because plaintiff's prior causes of action have either already been dismissed in this Court on in forma pauperis review or are currently pending in this Court on review before another Judge in this Court.

---

[2] Although plaintiff states in his complaint that he was bringing his action against defendants in both their individual and official capacities, the only claims against defendants sound in "Monell" liability: failure to train; failure to supervise; and/or a custom/policy claims. To the extent plaintiff wanted to bring claims against the defendants in their individual capacities, he has failed to allege personal involvement by defendants in unconstitutional acts against him. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights, i.e., he has failed to name a specific defendant made a specific unconstitutional act against him on a specific date and time. As a result, the complaint fails to state a claim upon which relief can be granted with respect to plaintiff's assertions that defendants acted against him in their individual capacities.

A local governing body, such as Dunklin County, can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability may attach if the constitutional violation is the result of (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can demonstrate the liability of a municipal entity.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Plaintiff has failed to enunciate such a policy in this case. He has instead made nothing but conclusory statements and legal conclusions. He made these same legal conclusions in his prior cases before the Court. *See Sutton v. Dunklin County Jail*, No. 1:18-CV-63 CDP (E.D.Mo.) and *Sutton v. State of Missouri*, No. 1:18-CV-41 NCC (E.D.Mo). These "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

7

statements" cannot state a plausible claim for relief. See determine whether the complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1937, 1949-51.

A plaintiff can also establish a claim of liability based on "custom." In order to do so, the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Although plaintiff again asserts that the Dunklin County Jail[3] employees had a "custom" of racism in failing to answer grievances and negligence in carrying out their duties, he has not shown that these acts resulted in a constitutional violation.

He has not, for instance, alleged an actual Equal Protection violation relative to the grievance system with relation to the African American inmates. And a Jail's failure to follow their own rules relative to grievances is not in and of itself a constitutional violation. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and

---

[3]Plaintiff's claims against defendant Dunklin County Jail must be dismissed. The Dunklin County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

does not confer substantive right on inmate); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Finally, a plaintiff can establish municipal liability by showing a deliberately indifferent failure to train or supervise. In order to do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint does not contain any allegations referencing an unconstitutional policy or custom, or state that any policy or custom caused the constitutional violations of which he complains. Furthermore, he does not allege a pattern of constitutional violations, through the lens of the acts of certain untrained employees, sufficient to state a claim that Dunklin County was deliberately indifferent in failing to train or supervise.

Rather, plaintiff alleges that county liability stems from the fact that the individual defendants are employed by the Dunklin County Jail. However, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. In other words, a municipality cannot be held liable under § 1983 on a theory of respondeat superior. *A.H. v. St. Louis Cty., Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). Instead, as noted above, a plaintiff suing a local governing body must demonstrate an unconstitutional official policy, unofficial custom, or a failure to train or supervise. *See Marsh v. Phelps Cty.*, No. 17-1260, 2018 WL 3863923, at *4 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has alleged no facts pertaining to an official policy, an unofficial custom, or a failure to train, and has therefore failed to state a claim for municipal liability. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in

9

his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, the claims against defendant Dunklin County Jail, and his claims against defendants in their official capacities, must be dismissed.

Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising another defendant if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures caused plaintiff's injuries. *See City of Canton v. Harris,* 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller,* 76 F.3d 1446, 1454 (8th Cir.1996). A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train is so likely to result in a violation of constitutional rights that the need for training is patently obvious, *Larkin v. St. Louis Hous. Auth. Dev. Corp.,* 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. *City of Canton, 489 U.S.* at 390 (1989).

Plaintiff has not alleged in his complaint that any of the named defendants had notice of specific constitutional violations, deficiencies or inadequacies such that their failure to train or supervise more closely their employees would have put them on notice that their deficiencies in training caused a specific injury to plaintiff. Plaintiff's vague and conclusory allegations otherwise wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Furthermore, as the Court noted above, all of plaintiff's claims are duplicative of those brought against Dunklin County and the defendants in the cases of *Sutton v. Dunklin County Jail*, No. 1:18-CV-63 CDP (E.D.Mo.) and *Sutton v. State of Missouri*, No. 1:18-CV-41 NCC (E.D.Mo).

The Court in of *Sutton v. Dunklin County Jail*, No. 1:18-CV-63 CDP (E.D.Mo.), dismissed all of the "Monell," or **official capacity claims**, against defendants Dunklin County Jail, Allen Edwards, Marishia Wheeler, Bob Holder and Pam Buchanan. But the Court issued process on plaintiff's excessive force claims against defendants Wheeler and Edwards in their individual capacities, as well as plaintiff's deliberate indifference to medical needs claims against defendants Holder and Buchanan in their individual capacities. The Court also issued process on plaintiff's failure to intervene claim against defendant Buchanan in his individual capacity.

The Court in *Sutton v. State of Missouri*, No. 1:18-CV-41 NCC (E.D.Mo), dismissed the "Monell" claims against defendants the State of Missouri, Jonce Chidister (Prosecutor) and Jeffrey McCormick (Prosecutor).[4] In that case, plaintiff asserted that the defendant prosecutors brought false cases of forgery against him in state court in order to have him revoked and incarcerated. Plaintiff also claimed that the State of Missouri was liable to him for false imprisonment, harassment and cruel and unusual punishment. The Court dismissed the case in its entirety on the basis of failure to state a claim.

Many of the "Monell" causes of action in this case are duplicative of the causes of action dismissed pursuant to 28 U.S.C. § 1915 in *Sutton v. Dunklin County Jail*, 1-18-CV-63 CDP (E.D.Mo) and *Sutton v. State of Missouri*, No. 1:18-CV-41 NCC (E.D.Mo). The Eighth Circuit has held that a complaint that is duplicative or repetitive of another complaint is frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992); *see also, Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

---

[4]"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." And prosecutors have immunity for acting as advocate for the state in a criminal prosecution. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

As set forth above, this case is subject to dismissal for a myriad of reasons. Plaintiff has failed to set forth any individual liability claims against defendants. Plaintiff's official capacity, or "Monell" claims against defendants fail to state a claim upon which relief may be granted. Plaintiff's "Monell" claims are duplicative of claims already brought before this Court in separate cases against Dunklin County and the State of Missouri and Prosecutors in Dunklin County. Last, plaintiff's complaint is made up of vague and conclusory allegations that are not entitled to an assumption of truth.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time in which to pay the initial partial filing fee [Doc. #4] is **DENIED AS MOOT** as plaintiff has already made the payment.

**IT IS FURTHER ORDERED** that plaintiff's request for a copy of his inmate account statement [Doc. #5] is **DENIED AS MOOT** as he has already provided the court with a copy of the inmate account statement.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate order of dismissal will be entered herewith. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 28th day of February, 2020.

                                            HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE